Filed 4/30/26  P. v. Aguilar CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>LUIS AGUILAR,<br><br>    Defendant and Appellant. | B341622<br><br>(Los Angeles County Super. Ct. No. TA093889) |

APPEAL from an order of the Superior Court of Los Angeles County, Laura Walton, Judge.  Reversed and remanded.

Bess Stiffelman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, and Steven E. Mercer, Deputy Attorney General, for Plaintiff and Respondent.

Defendant and appellant Luis Aguilar (defendant) was convicted of attempted murder and assault with a firearm in 2008. He was sentenced to 46 years to life in prison. More recently, he filed a Penal Code section 1170, subdivision (d) petition for resentencing arguing he is eligible for resentencing as a juvenile offender serving the functional equivalent of a life without parole (LWOP) sentence.[1] The trial court denied his petition, believing he was categorically ineligible for resentencing because the 46 years to life sentence he received was not long enough to qualify as the functional equivalent of LWOP. Defendant appeals that determination, and the issue is one our Supreme Court is set to resolve in *People v. Munoz* (2025) 110 Cal.App.5th 499, review granted June 25, 2025, S290828. Acknowledging our Supreme Court will have the final word, we hold, after giving defendant's circumstances individualized consideration, that defendant is eligible for resentencing because he is serving a sentence that constitutes the functional equivalent of LWOP.

Because the issue presented in this appeal will be definitively resolved by our Supreme Court, the explanation of the reasons for our holding can be brief. Defendant was 16 years old at the time he committed the crimes of conviction. This court's opinion resolving his direct appeal (which we judicially notice on our own motion) reveals defendant, a member of a criminal street gang, shot a member of a rival gang three times at a liquor store and a young girl was behind the rival gang

---

[1] Undesignated statutory references that follow are to the Penal Code.

member but was not hit in the shooting. A trial jury found defendant guilty of willful, deliberate, and premeditated attempted murder and assault with a semiautomatic firearm; the jury also found true associated firearm and gang enhancements. Defendant's sentence was 46 years to life in prison: life in prison for the attempted murder (with a minimum parole term of 15 years for the gang enhancement found true), 25 years to life for a section 12022.53, subdivision (d) firearm enhancement, and six years for the assault with a firearm conviction.

In 2023, defendant filed a resentencing petition pursuant to section 1170, subdivision (d)(1).[2] In support thereof, and citing *People v. Heard* (2022) 83 Cal.App.5th 608 and *People v. Contreras* (2018) 4 Cal.5th 349, defendant maintained he was eligible for resentencing even though he was not given an LWOP sentence because he was serving a sentence that was the functional equivalent of LWOP and treating him as if he were ineligible for resentencing would accordingly violate equal protection principles. He additionally argued he had met section 1170, subdivision (d)(1)'s other criteria for granting resentencing relief (§ 1170, subd. (d)(2), (d)(5)-(6)) and submitted evidence describing "his remorse and rehabilitative efforts."

The trial court held a hearing on defendant's resentencing petition and heard argument from counsel. The court then denied the petition, explaining that *Contreras*, *supra*, 4 Cal.5th

---

[2] The subdivision, in part, provides: "When a defendant who was under 18 years of age at the time of the commission of the offense for which the defendant was sentenced to imprisonment for life without the possibility of parole has been incarcerated for at least 15 years, the defendant may submit to the sentencing court a petition for recall and resentencing." (§ 1170, subd. (d)(1)(A).)

3

349 had held only that a sentence of 50 years to life "is what is viewed as de facto [LWOP]" and observing defendant would have a youth offender parole hearing at age 40 (in 2031).[3]

We agree with *Heard* and other precedent that holds defendants who are serving the functional equivalent of LWOP, not just those serving an actual LWOP sentence, must be eligible for section 1170, subdivision (d) relief pursuant to equal protection guarantees—and the availability of a youthful offender parole hearing does not undercut this conclusion. (*Heard*, *supra*, 83 Cal.App.5th at 628-629; see also *People v. Sorto* (2024) 104 Cal.App.5th 435, 440.) We additionally conclude in light of our consideration of defendant's history and prospects—and in light of our Supreme Court's direction that a sentence must give a juvenile "a realistic hope of release and a genuine opportunity to reintegrate into society" to be constitutional (*Contreras*, *supra*, 4 Cal.5th at 373)—that defendant is serving a sentence that is the functional equivalent of LWOP and among those who are not categorically ineligible for relief under section 1170, subdivision (d). We will therefore reverse the trial court's order and remand for further proceedings.

---

[3] The trial court also expressed concern with the "write-ups and infractions" defendant had received while in custody and his involvement in a violent crime notwithstanding he had "a better family than most individuals." The court did not articulate these concerns as the predicate for denying section 1170, subdivision (d) relief, however.

## DISPOSITION

The trial court's order is reversed and the cause is remanded with directions to (1) provide defendant and the People an opportunity to submit additional evidence and argument if either so choose, and (2) to proceed as required by section 1170, subdivisions (d)(5) through (d)(9) and (d)(11) if the court finds by a preponderance of the evidence that one or more of the statements specified in subparagraphs (A) to (D) of section 1170, subdivision (d)(2) is true.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, Acting P. J.

We concur:

MOOR, J.

KIM (D.), J.

5